UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| WILLIAM PAYNE | CIVIL ACTION NO. 14-2518-P |
| VERSUS | JUDGE HICKS |
| WARDEN TIM KEITH | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner William Payne ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on August 18, 2014. Petitioner is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court convictions and sentences. He names Warden Tim Keith as respondent.

On October 20, 2011, Petitioner pleaded guilty to aggravated battery and hate crimes in the Louisiana's First Judicial District Court, Parish of Caddo. Subsequently, he was adjudicated a third felony offender. On October 24, 2011, he was sentenced to 18 years imprisonment at hard labor as to the aggravated battery conviction and five years imprisonment at hard labor as to the hate crimes conviction. The trial court ordered said

sentences to run consecutively.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel, (2) he had no chance of being found not guilty because the police and courts were out to get him, (3) he had four attorneys and three judges in one year, and (4) the state courts erred in denying his motion to reconsider sentence as untimely.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

    3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

    4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on October 20, 2011. Subsequently, he was adjudicated a third felony offender. Petitioner was sentenced on October 24, 2011. Petitioner did not seek direct review of his convictions and sentences. Thus, his convictions and sentences became final on November 23, 2011, when the delay for filing for an appeal expired and no appeal was filed. See La. C.Cr.P. art. 914.

The federal petition currently before the court was received and filed in this court on August 18, 2014 and signed by Petitioner on August 12, 2014. Since the federal clock began ticking on November 23, 2011 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before November 23, 2012. This petition was not filed until August of 2014 at the earliest, more than one year too late.

It appears that Petitioner's state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See supra footnote 1. Petitioner's one year federal limitation period began on November 23, 2011 and continued until he filed his state post conviction relief application in the trial court on August 28, 2012, encompassing approximately 279 days of the limitation period. From that point, the limitation period was tolled until January 10, 2014, when the Supreme Court of Louisiana denied relief.[2] Petitioner then had approximately 86 days, or until April 7, 2014, to file his federal petition for a writ of habeas corpus in this court. Petitioner did not file his petition in this court until August 12, 2014 at the earliest. Thus, the time in which the limitation period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred.

In addition, Petitioner fails to demonstrate that the motion to reconsider he filed in the trial court served to toll the one-year limitation period. See supra footnote 1. Petitioner was ordered by this court to submit a response setting forth allegations which demonstrate that his petition is timely under the provisions of 28 U.S.C. §2244(d)(1). The Motion to Reconsider Sentence is stamped filed March 8, 2012 [Doc. 9, p.1]. It was denied on May 16, 2012 by the trial court as untimely [Doc. 8, p. 25]. Thus, it was not properly filed.

Accordingly;

---

[2]This court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief.

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues

a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

    **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 28th day of September 2015.

                                            Mark L. Hornsby
                                            U.S. Magistrate Judge